IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHILDREN'S HOSPITAL OF PHILADELPHIA | : : : | |
| v. | : : | CIVIL ACTION NO 06-65 |
| TRICORP ENTERPRISES, LTD. FLEXIBLE BENEFITS PLAN | : : | |

MEMORANDUM

O'NEILL, J.                                                                                                   MAY 11, 2006

Plaintiff, The Children's Hospital of Philadelphia, a Pennsylvania nonprofit Corporation with its principal place of business in Philadelphia, has sued defendant, Tricorp Enterprises, Ltd. Flexible Benefits Plan, a welfare benefit plan within the meaning of the Employee Retirement Income Security Act, 29 U.S.C., Section 1001 et seq. which is administered and resides in Missouri.

The case arises out of the treatment of a minor child, "John Doe", at Children's. John Doe's father, the Plan participant, executed an assignment of benefits on behalf of John assigning all right to payment from the Plan to Children's.

The Complaint alleges:

John Doe was admitted to Children's with a primary diagnosis of neuroblastoma, a childhood cancer.  He had two separate admissions for treatment. The admissions were related to a single course of therapy involving a tandem stem cell transplant.  During a tandem transplant, a patient receives two sequential courses of high-dose chemotherapy with stem cell

transplants. Typically, the two courses are given several weeks to several months apart. John was admitted to Children's from February 14, 2002 through March 16, 2002 for an initial stem cell transplant with purging. The complaint alleges and it is not disputed that the Plan paid for this admission and procedure. John was re-admitted to Children's on April 5, 2002 for the second half of the tandem transplant, which included a stem cell transplant, radiation and chemotherapy. The Plan's administrator notified Children's that it considered the second stem cell transplant investigational and that no benefits were payable for any experimental, investigational treatment or procedure.

Children's seeks payment for the treatment it rendered to John Doe during the second admission plus attorneys' fees and costs pursuant to ERISA.

Before me now is defendant's motion to dismiss for lack of venue and alternative motion pursuant to 28 U.S.C. §1404(a) or §1406(a) to transfer to the United States District Court for the Eastern District of Missouri.[1]

In actions brought under ERISA, the specific venue provision of ERISA rather than the general venue statute governs the proper venue of a claim. Under the venue provision of ERISA claims may be brought:

> [I]n the district where the plan is administered, where the breach took place, or where a defendant resides or may be found....

29 U.S.C. §1132(e)(2). Defendant bears the burden of establishing that plaintiff's choice of venue is improper.

Defendant asserts that none of these three requirements is met. Plaintiff asserts

---

[1] The motion does not assert the defense of lack of personal jurisdiction.

that the alleged breach took place in this District and that defendant may be found here.

Defendant presents convincing arguments why it is not "found" in this District within the meaning of ERISA's venue provision. However, I do not reach this issue as I conclude that the alleged breach took place in this District.

I recognize that John Doe and his father reside in Missouri; that the father rendered the services which entitled him to participate in this Plan in Missouri and received a copy of the Summary Plan Description there; that his employer executed the Plan in Missouri; that the Doe claim was processed and the decision not to pay was made there; and that if benefits were to be paid to the father they would be paid in Missouri.

However, the father has assigned the claim against the Plan to Children's. By reason of the assignment, Children's became a beneficiary of the father's contract with the Plan. The place of performance, and therefore the place of the alleged breach, is the District where Children's is located, where its services were rendered and where payment allegedly should have been made. See McGaw Hospital of Loyola University of Chicago v. Pension Trust District #9 Welfare Trust I.A. of M.A.W., No. 92-4361, 1992 WL 309571 (N.D. Ill. Oct. 22, 1992), a similar case whose reasoning I adopt and follow.

Defendant asserts that it did not consent to the assignment but, significantly, does not assert that its consent was required by the provisions of the Plan.

I also conclude that defendant has not established that transfer of the action to the Eastern District of Missouri is justified.

After consideration of the factors relevant to a determination as to whether a § 1404(a) transfer should be granted, Jumana v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995), I find it

necessary to comment on only a few of them.

The sole issue in this case appears to be whether Children's treatment of John Doe commencing April 5, 2002, was experimental or investigational. Defendant's records and witnesses regarding this issue are in Missouri but plaintiff's records and witnesses are in this District and plaintiff has chosen to sue in this District.

One other factor requires comment. On March 31, 2006, the Plan filed suit in the Eastern District of Missouri against Westport Benefits, L.L.C. and Howard Danzig. Westport and the Plan are parties to an agreement pursuant to which Westport provides various administrative services to the Plan. The Plan alleges that Westport and Danzig acted as brokers/agents in obtaining a stop-loss insurance policy from HCC Life Insurance Company which contained definitions of experimental and investigative procedures which differed from the definitions of those words in the Plan and failed to notify the Plan of the discrepancies in the definitions. As a result, the Plan alleges, the differences may result in allowance of a claim against the Plan while preventing reimbursement under the stop-loss policy.

Defendant's suggestion that it may be exposed to inconsistent decisions in the two actions is without merit. The issue to be determined in this case is whether the Plan properly concluded that John Doe's second treatment was investigative or experimental. An adverse verdict to defendant in this action obviously will be a necessary predicate to its pursuit of the Missouri action with respect to Doe's claim[2]. The question for resolution in the Missouri action, however, will not be whether Doe's treatment was investigative or experimental; rather it will be whether

---

[2] The issue in the Missouri action is not restricted to Doe's claim; there may be others now or in the future.

Westport and Danzig breached a duty of care owed to the Plan when they secured the stop-loss policy containing different definitions and failed to notify the Plan of the differences. These clearly are distinct questions.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE CHILDREN'S HOSPITAL<br>OF PHILADELPHIA | :<br>:<br>: | |
| v. | : <br>: | CIVIL ACTION NO. 06-65 |
| TRICORP ENTERPRISES, LTD.<br>FLEXIBLE BENEFITS PLAN | :<br>: | |

ORDER

AND NOW, this 11th day of May, 2006, upon consideration of defendant's motion to dismiss or for change of venue and plaintiff's opposition thereto, the motion is DENIED.

Within ten business days from date, counsel should agree upon and submit a proposed scheduling Order. If a conference with me is necessary, Mr. Foster may participate by telephone.

                                                *s/Thomas N. O'Neill, Jr.*
                                                THOMAS N. O'NEILL, JR.,   J.